JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
Stephen R. Hanson II
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Yowell,<br><br>          Plaintiff,<br>     v.<br><br>The Bureau of the Fiscal Service and the United States Comptroller General,<br><br>          Defendants. | Case No. 3:21-cv-0288-ART-CLB<br><br>**United States' Reply in Support of Motion to Dismiss and Motion to Stay Case** |

The United States of America, on behalf of the Bureau of the Fiscal Service and the United States Comptroller General, submits this reply to Plaintiff's response to the United States' Motion to Dismiss and Motion to Stay Case (ECF No. 20). For the reasons set forth below, Plaintiff has not demonstrated subject matter jurisdiction or personal jurisdiction and has failed to state a claim upon which relief can be granted. The Court should dismiss this case with prejudice and stay the case until it rules on the motion to dismiss.

Respectfully submitted this 18th day of May, 2022.

                                            JASON M. FRIERSON
                                            United States Attorney

                                            */s/ Stephen R. Hanson II*
                                            STEPHEN R. HANSON II
                                            Assistant United States Attorney

**Points and Authorities**

I.   **Introduction**

The United States filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction based on the United States' sovereign immunity, failure to state a claim upon which relief can be granted, and lack of personal jurisdiction based on invalid service of process. (ECF No. 15.) The United States also filed a motion to stay the case pending a ruling on the motion to dismiss. (ECF No. 18.) Plaintiff Raymond Yowell submitted a response to the United States' Motion to Dismiss and Motion to Stay Case. (ECF No. 20.)

II.   **Law and Argument**

A party suing the government must demonstrate that the United States has unequivocally waived its sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). If a party fails to do so, the court must dismiss the case for lack of subject matter jurisdiction. *Pesci v. I.R.S.*, 67 F. Supp. 2d 1189, 1194 (D. Nev. 1999), *aff'd*, 225 F.3d 663 (9th Cir. 2000). Plaintiff's claim is based on 31 U.S.C. § 3711(a)(3), but this statute does not provide a waiver of sovereign immunity. In his response, Plaintiff has not addressed how the United States has waived its sovereign immunity in this case. Accordingly, the Court should dismiss this case for lack of subject matter jurisdiction.

The statute governing collection of debts owed to government agencies, 31 U.S.C. § 3711, does not allow a person to bring a lawsuit to require the government to stop collecting a debt. The statute also does not provide any remedy for damages. Plaintiff is suing under the statute to get the government to stop collecting a debt because he does not have the ability to pay. The statute does not provide him with a cause of action or remedy. Accordingly, the Court should dismiss this action for failure to state a claim upon which relief can be granted.

A plaintiff is required to establish that service of a summons and complaint was valid under Rule 4 of the Federal Rules of Civil Procedure. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If a plaintiff fails to do demonstrate proper service, the court lacks personal jurisdiction over a defendant. *Williams v. Harmer*, No. 2:16-CV-00131-GMN-GWF, 2017

WL 1159725, at *2 (D. Nev. Mar. 28, 2017).  Under Rule 4, only a non-party may complete proper service of a summons and complaint.  Fed. R. Civ. P. 4(c)(2).  Only a non-party can complete service even when service is accomplished by mail.  *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).  Plaintiff personally mailed the Summons and Complaint in this case (ECF No. 13), and he has not addressed this issue in his response.  The Court lacks personal jurisdiction over the United States due to insufficient service of process.

Plaintiff alleges in his response that the United States Attorney's Office has a conflict of interest in representing the United States in this case because the United States has a duty "to protect the interest of those American Indians over whom the United States Government claims a fiduciary Trusteeship and Guardianship." (ECF No. 20 p. 1.)  But Federal statute mandates that United States Attorneys shall defend the government in "all civil actions, suits or proceedings in which the United States is concerned." 28 U.S.C. § 547(2).  The United States Attorney's Office is properly representing the Defendants in this case.

**III.    Conclusion**

Plaintiff has failed to demonstrate that the United States waived its sovereign immunity, has failed to state a claim upon which relief can be granted, and has failed to establish valid service of process.  The Court should stay this case until it decides the motion to dismiss, and it should grant the motion to dismiss and dismiss this case with prejudice.

Respectfully submitted this 18th day of May, 2022.

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

**Certificate of Service**

I hereby certify that on May 18, 2022, I electronically filed and served the foregoing **United States' Reply in Support of Motion to Dismiss and Motion to Stay Case** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system as well as served a copy via first class, regular mail as follows:

**US Mail:**

Raymond D. Yowell
H.C. 30 Box 272
Spring Creek, NV 89815