Raymond D. Yowell  
H. C. 30 Box 272  
Spring Creek, Nv. 89815  
Ph. 775-744-4381

Clerk, U. S. District Court  
District of Nevada



UNITED STATES DISTRICT COURT  
DISTRICT OF NEVADA

Raymond D. Yowell.        )  
Plaintiff,                )  
vs.                       )   Case no. 3:21-cv-00288-ART-CLB  
The Bureau of the Fiscal Service )  
and                       )   Plaintiffs Affidavit of nonreceipt of notice of the  
The Comptroller General of the ) Courts ruling made on 8-10-2022 and request that  
United States             )   the Court make sure the Clerks Office mails  
Defendants.               )   Notices in writing via the U. S. Postal Service.

    Comes now Raymond D. Yowell, the Plaintiff Pro Se, by and through him self and files this Affidavit and Request regarding delivery of Notices by the Clerks Office.

1. AFFIDAVIT

    Under penalty of perjury, I, Raymond D. Yowell, attest:
1) I did not receive notice of the Order issued on Aug. 10, 2022, denying my motion to determine the Role of the U. S. Attorney until I requested by first class letter via the U. S. Postal Service the status of my motion.

2. Further:
1) To the best of my knowledge and belief, Federal Rules of Civil Procedure Rule 77, Conducting Business; Clerks Authority ; Notice of an Order or Judgment says:  
" Immediately after entering an order or judgment, the clerk must serve notice of the entry ...on each party ... The clerk must record the service on the docket."
2) I make every effort to collect my U. S. Postal Service mail daily.
3) No Notice of the Courts ruling on my motion was delivered in my U. S. Postal Service mail.
4) I make every effort to prosecute my Case in a timely manner, including staying abreast of all other filings and rulings or orders.
5) To the best of my knowledge and belief, Federal Rules of Civil Procedure Rule 4, Appeal as of Rights – When Taken says:  
" in a civil Case ... the notice of appeal... must be filed with the district clerk within 30 days after entry of the judgment or order appealed from. "
6) I would appeal an adverse Judgment and therefore depend on timely receipt of Notices of the Courts ruling.

7) I am aware that Rule 4 also provides for Reopening the Time to file an Appeal if:
"... the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry."

This provision, however, is time limited and requires that:

"... the motion to reopen is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77, whichever is earlier... ".

In other words, I would still be dependent on notice from the Clerks Office.

8) I have no other means of receiving Notices from the Court than the U. S. Postal Service.

Signed and Sworn to under the penalty of perjury on this date.

2-6-2023

*Raymond D. Yowell*
Raymond D. Yowell, Plaintiff

3.

THEREFORE,
PLAINTIFF REQUESTS the Court to exercise oversight of the Clerks Office to assure timely written notice of all judgments, orders, and rulings are sent by the U. S. Postal Service mail to his mailing address.

4.

REQUIREMENT FOR NOTICE IN WRITING MAILED TO PARTYS ADDRESS IS SUPPORTED BY LEGAL AUTHOURTY:

1) 5 Federal Litigator 149 ( May 1998 ) says:
" The Advisory Committee Notes to Rule 4... describe the rule as providing a limited opportunity for relief from a failure to take a timely appeal where notice of entry of a judgment or order, " required to be mailed by the clerk, " is either not received or received so late as to prevent filing a timely notice of appeal ... The Notes ' required to be mailed language refers to " notice of entry of a judgment or order , " suggesting that notice must be in writing."

2) In re WorldCom, Inc,. 708 F. 3d 327, 334 92d Cir. 2013 says
" Rule 4 (a) (6) was designed to allow a district judge to reopen the time for appeal if notice of judgement does not arrive ... whether the fault lies with the clerk or the Postal Service and a holding that service equals receipt would prevent the rule from serving that function. The court ... noted that " no court of appeals has accepted the ... conclusion that a document is " received " for the purpose of Rule 4 (a) (6) the instant it is "served " under Rules 5 (b) and 77 (D). "

Page 2.

The drafters or Rule 4 (a) (6) were concerned with situations in which notice ' either (is) not received by a party or is so late as to impair the opportunity to file a timely notice of appeal" and cited not only cases in which notice was not mailed at all, but also cases in which notice was mailed but never actually received by the party. Moreover, the committee clearly contemplated a distinction between service and receipt... Both this court and other courts of appeal have assumed that Rule 4 (a) (6) refers to actual receipt, not simply effective service, and we expressly reach that conclusion today."

3) Avolio v. County of Suffolk, 29 F. 3d 50, 53 (2d Cir. 1994) says:
" The notice contemplated by this rule is written notice, an oral communication simply is not sufficient to trigger the relevant time periods.'

Respectfully submitted,

*Raymond D. Gurnell*

Date 2-6-2023

CERTIFICATE OF SERVICE

I, Raymond D. Yowell, the Plaintiff in Case no. 3;21-cv-ART-CLB, hereby certify under penalty of perjury, that on this day  6 TH  of  FEB  , I caused to be placed in the United States Postal Service mail, copies of my request for the Court to rule on my motion to amend my Complaint to the entities listed below.

Clerk, U. S. District Court
District of Nevada
400 South Virginia St. Rm. 301
Reno, Nv. 89501

The United States Attorney
400 South Virginia St. Suite 900
Reno, Nv. 89501

Attorney General for the United States
U. S. Department of Justice
950 Pennsylvania Ave. N. W.
Washington, D. C. 20530-0001

Signed,
*Raymond D. Yowell*
Raymond D. Yowell, Plaintiff.
H. C. 30 Box 272
Spring creek, Nv. 89815
Ph. 775-744-4381

Page 1.