JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
Stephen R. Hanson II
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Yowell, <br><br> Plaintiff, <br> v. <br><br> The Bureau of the Fiscal Service and the United States Comptroller General, <br><br> Defendants. | Case No. 3:21-cv-0288-ART-CLB <br><br> **United States' Response to Plaintiff's Request for Ruling on Motion to Amend** |

The United States of America, on behalf of the Bureau of the Fiscal Service and the United States Comptroller General, submits this response to Plaintiff's Request for Ruling on Motion to Amend (ECF No. 34). Plaintiff's proposed amendments would be futile because they would not save his Complaint from the government's pending motion to dismiss (ECF No. 15). The Court should deny Plaintiff's request for ruling and deny his motion to amend his Complaint.

Respectfully submitted this 23rd day of February, 2023.

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

**Points and Authorities**

**I.     Background**

Plaintiff Raymond Yowell filed a Complaint alleging that the government should stop deducting money from his social security payments for a debt he owes because he does not have the ability to pay the debt. (ECF No. 2.) Plaintiff brought his Complaint under 31 U.S.C. § 3711(a)(3), which provides the head of an agency with discretion to suspend collection of a claim if the person liable does not have the ability to pay. The United States filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction based on the United States' sovereign immunity, failure to state a claim upon which relief can be granted, and lack of personal jurisdiction based on invalid service of process. (ECF No. 15.) The motion to dismiss is pending before the Court.

Plaintiff subsequently filed a motion to amend his Complaint in which he proposed to remove three paragraphs that ask for damages and add a paragraph with more detail about his ability to pay. (ECF No. 26.) The government responded to Plaintiff's motion to amend, arguing that the Court should deny the motion because the proposed amendments were futile. (ECF No. 27.)

Plaintiff has now filed a "request for ruling on motion to amend." (ECF No. 34.) Although captioned as a request for a ruling on his previous motion to amend, Plaintiff includes a new argument that he did not raise in the previous motion. Plaintiff now claims that the Administrative Procedure Act gives the Court jurisdiction over his claim. (*Id.*) Plaintiff did not attach a proposed amended complaint to his request.

**II.    Law and Argument**

    **A.     The Court should deny the request for failure to follow the local rules.**

Under this district's local rules, a party seeking leave to amend a pleading must attach to the motion the proposed amended pleading that "must be complete in and of itself without reference to the superseded pleading." LR 15-1(a). A party's "failure to attach a complete proposed amended pleading is sufficient for the court to deny a party's motion to amend his claim." *Cadeaux v. Las Vegas Metro Police Dep't*, No. 2:19-CV-01584-JAD-VCF,

2

2021 WL 3115182, at *2 (D. Nev. July 22, 2021) (citing *United States v. 3 Parcels in La Plata County*, 919 F. Supp. 1449 (D. Nev. 1995)).

Plaintiff failed to attach a proposed amended complaint to his initial motion to amend and to his current request. It is unclear if his amended complaint would raise different claims than his Complaint. The Court should therefore deny his request.

### B. The Court should deny the motion because it would be futile to allow Plaintiff to amend his Complaint.

If more than 21 days have elapsed since a plaintiff served his complaint or an opposing party served a response to it, the plaintiff may amend his complaint only with the opposing party's written consent or leave of the court. Fed. R. Civ. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts generally consider five factors when deciding whether to grant a motion to amend a complaint: futility of amendment, bad faith, undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint. *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 & n.3 (9th Cir. 2009). But "futility of amendment alone can justify the denial of a motion." *Id.* at 1055. "Denial of a motion to amend on futility grounds is proper if it is clear that the complaint would not be saved by any amendment." *May v. Northrop Grumman Sys. Corp.*, 680 F. App'x 556, 558 (9th Cir. 2017) (quotation omitted). An amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (quotation omitted).

Plaintiff's initial motion to amend stated that he intended to remove his claims for damages. (ECF No. 26.) His current request reiterates his intent to remove his request for damages. (ECF No. 34.) Removing the claims for damages from the Complaint would not save the Complaint from the motion to dismiss because even with the proposed amendments, Plaintiff has still not stated a claim upon which relief can be granted. (ECF No. 27.) Plaintiff is suing under 31 U.S.C. § 3711(a)(3) to try to make the United States stop collecting a debt that he owes. This statute provides that the head of an agency "may

3

suspend or end collection of a claim" if the person liable on the claim does not have the ability to pay. 31 U.S.C. § 3711(a)(3). The statute provides the agency with discretion and does not require an agency to suspend collection of any debts based on the debtor's ability to pay. The statute does not provide a plaintiff with a cause of action to end collection of a debt. Plaintiff's proposed amendments to remove his claims for damages are futile because 31 U.S.C. § 3711(a)(3) does not provide a cause of action or a remedy for damages.

Plaintiff's citation of the Administrative Procedure Act in his current request also does not save his Complaint from the motion to dismiss. The Administrative Procedure Act "requires that plaintiffs exhaust available administrative remedies before bringing their grievances to federal court." *Buckingham v. Sec'y of U.S. Dep't of Agric.*, No. 3:07-CV-00073-BES-RAM, 2009 WL 10691087, at *5 (D. Nev. Mar. 12, 2009) (citing 5 U.S.C. § 704). In addition, the Supreme Court has long held that the Administrative Procedure Act is not an independent grant of subject matter jurisdiction. *Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 458 (1999).

Plaintiff's request does not allege that he exhausted administrative remedies or otherwise demonstrate that he could state a valid claim under the Administrative Procedure Act. Allowing the proposed amendments would therefore be futile because his Complaint would still not survive a motion to dismiss.

**III.   Conclusion**

Plaintiff did not comply with Local Rule 15-1(a) by failing to include a proposed amended complaint with his motion, and his proposed amendments are futile. The Court should deny his initial motion to amend and his current request.

Respectfully submitted this 23rd day of February, 2023.

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

## Certificate of Service

I hereby certify that on February 23, 2023, I electronically filed and served the foregoing **United States' Response to Plaintiff's Request for Ruling on Motion to Amend** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system as well as served a copy via first class, regular mail as follows:

**US Mail:**

Raymond D. Yowell
H.C. 30 Box 272
Spring Creek, NV 89815