UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND D. YOWELL,<br><br>                              Plaintiff,<br>v.<br><br>THE BUREAU OF THE FISCAL SERVICE AND THE UNITED STATES COMPTROLLER GENERAL,<br><br>                              Defendants. | Case No. 3:21-cv-0288-ART-CLB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 15) |

This action arises from the United States' attempts to collect on a debt allegedly owed by Plaintiff Raymond D. Yowell ("Yowell"). (ECF No. 2). Before the Court are Defendants' Bureau of the Fiscal Service and the United States Comptroller General ("Defendants") Motion to Dismiss (ECF No. 15), and Motion to Stay Case (ECF No. 18). Also before the Court are Yowell's Motion to Amend Complaint, (ECF No. 26), and Motion Requesting a Ruling on his Motion to Amend. (ECF No. 34). For the reasons discussed below, the Court denies Yowell's Motion to Amend (ECF No. 26), grants Defendants' Motion to Dismiss (ECF No. 15), and denies Defendants' Motion to Stay as moot. (ECF No. 18).

**I. BACKGROUND**

Yowell brings this action to contest the garnishment of his Social Security payments by the Federal government. (ECF No. 2 at 4). The Bureau of the Fiscal Service allegedly began garnishing Yowell's Social Security Payments in 2008, when Yowell allegedly owed $190,809.97. (*Id.* at 6). In 2018, the alleged debt had grown to $509,906.72. (*Id.*) Yowell alleges that Defendants never presented him any documents demonstrating that he owed the alleged debt. (*Id.*) Yowell alleges that these garnishments have reduced his Social Security payments such that he

1

lives "well below the level of poverty" (*Id.* at 5) and notes the futility of the garnishments, arguing that the substantial increase in the amount of money allegedly owed between 2008 and 2018 indicates the debt will never be paid off. (*Id.* at 6). In 2019, Defendants allegedly stopped garnishing Yowell's Social Security payments, but they allegedly resumed doing so in late 2020. (*Id.*) Yowell argues that he "is an American Indian" and "a ward of the United States Government." (*Id.* at 5). Therefore, Yowell avers, Defendants are Yowell's guardian and trustee. (*Id.* at 6).

Yowell initially requested monetary relief but, in his Motion to Amend, abandons his claims for monetary relief and instead seeks an injunction preventing the Bureau of the Fiscal Service from deducting money from Yowell's Social Security payments. (ECF No. 26 at 1-2).

**II. DISCUSSION**

Defendants bring a Motion to Dismiss (ECF No. 15) on the grounds that this Court does not have jurisdiction over this action as the United States has not waived its sovereign immunity, Yowell fails to state a claim to be granted, and failed to effect proper service. As these arguments are directly impacted by Yowell's proposed amendments to his complaint, the Court first addresses Yowell's Motion for Leave to Amend. (ECF No. 26).

**A. Leave to Amend**

Before the Court is Yowell's Motion to Amend his Complaint. (ECF No. 26). Yowell seeks to remove his claim for monetary relief and substitute it with a claim for injunctive relief, presumably in an attempt to address Defendants' sovereign immunity arguments. (ECF No. 26 at 1-2). Because Yowell filed his Motion to Amend more than 21 days after he served his complaint, Yowell may only amend with Defendants' written consent or leave of the court. Fed. R. Civ. P. 15(a)(1)-(2).

Yowell's Motion to Amend (ECF No. 26) does not comply with this Court's local rules. *See* Nev. Loc. R. 15-1(a) ("The proposed amended pleading must be

complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading."). Yowell's Motion to Amend is not complete in and of itself. It includes edits to specific paragraphs and incorporates the remainder of his Complaint by reference. (*See* ECF No. 26 at 1).

The Court therefore denies Yowell's Motion to Amend (ECF No. 26) as it does not comply with this Court's Local Rules.

**B. Sovereign Immunity**

"The United States, as a sovereign, is immune from suit unless it has waived its immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (citing *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999)). "A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Id.* (citing *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988)). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Id.* (quoting *United States v. Mottaz,* 476 U.S. 834, 841 (1986)).

Construing his Complaint liberally, here Yowell seeks judicial review of the Bureau of Land Management's agency action refusing to suspend or terminate collections on a debt where Yowell argues such collection activity is futile and therefore runs afoul of 31 U.S.C. § 3711(a)(3). Section 702 of the Administrative Procedure Act ("APA") allows the United States to be named as a defendant in an action seeking relief other than money damages when "[a] person suffer[s] legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of a relevant statute. . . ." 5 U.S.C. § 702. Here, however, Yowell's Complaint seeks monetary damages. (ECF No. 2 at 5 ("Plaintiff sues . . . for punitive damages in the amount of $500,000.00.")). The United States has not consented to suit for money damages under the APA like those sought in

this action. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 929 (9th Cir. 2008).

Therefore, this Court lacks subject matter jurisdiction over this action and, accordingly, the Court grants Defendants' Motion to Dismiss. (ECF No. 15).

### III.      CONCLUSION

Although the Court grants Defendants' Motion to Dismiss, it also grants Yowell leave to file an amended complaint. The Court notes the following:

First, the APA only provides review of final agency action. *See* 5 U.S.C. § 704. Thus far, Yowell has not pled any final agency action. The Supreme Court has explained that there are "two conditions that must be satisfied for agency action to be final. First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78, 117 S.Ct. 1154 (1997) (internal citations and quotations omitted).

Second, "it is the creditor agency, not the disbursing agency, that is required to ensure that the debtor receives due process under the law. *See* 31 U.S.C. § 3716(a)." *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860 (11th Cir. 2008). Here, Yowell has sued the dispersing agency, rather than the creditor agency.

Third, as several courts have explained, "if the ... plaintiff believes that the offset was made in error[,] his remedy is to pursue the administrative and legal process set by statute for challenging the offset[.]" *Tavares v. United States*, No. 3:CV-13-1654, 2014 WL 4351532, at *8 (M.D. Pa. Sept. 2, 2014). Yowell should explain his efforts to administratively challenge his offset in his amended complaint.

IT IS THEREFORE ORDERED THAT Defendants' Motion to Dismiss (ECF No. 15) is granted.

IT IS FURTHER ORDERED THAT Yowell's Motion to Amend (ECF No. 26) is

denied.

IT IS FURTHER ORDERED THAT Yowell may file an amended complaint in compliance with all local rules, including LR 15-1, no more than 90 days after the date this order is entered.

IT IS FURTHER ORDERED that Yowell will properly serve Defendants in accordance with Fed. R. Civ. P. 4 no more than 90 days after the date this order is entered.

IT IS FURTHER ORDERED that Defendants' Motion to Stay Case (ECF No. 18) and Yowell's Request for Ruling on Motion to Amend (ECF No. 34) are denied as moot.

IT IS FURTHER ORDERED that failure to comply with this order will result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED THIS 3rd day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE