Raymond D. Yowell
H. C. 30 Box 272
Spring Creek, Nv. 89815
Ph. 775-744-4381

```
_Filed _Received _Entered _Served On
         Counsel/Parties of Record

           MAY 18 2023

        Clerk US District Court
          District of Nevada
By:_____ Deputy
```

Clerk, U. S. District Court
District of Nevada

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Yowell,              ) | |
| Plaintiff,                       ) | |
| v.                               ) | |
| The Bureau of the Fiscal Service ) | Case No. 3:21-cv-00288-ART-CLB |
| and                              ) | |
| the United States Comptroller General ) | |
| Defendants.                      ) | |

AMENDED COMPLAINT

Comes now, Raymond D. Yowell, the Plaintiff, Pro Se, by and through himself and files this amended Complaint, pursuant to the Courts Order dated Mar. 3. 2023.

JURISDICTION

This Court has jurisdiction of this Case pursuant to 28 U. S. C., Section 1331 (Cases arising under the laws of the United States, and the Administrative Procedure Act, 5 U. S. C. A., Section 702 and Section 706).

THE ADMINISTRATIVE PROCEDURE ACT, Section 702 and Section 706.

Section 702 waives the United States Governments immunity from a law suit in a Case that is " seeking relief other then money damages and stating a claim that an Agency or an Officer or an employee thereof acted or failed to act in an official capacity or under color of legal authority.
Section 706 permits suit to " compel Agency action unlawfully withheld or unreasonably delayed "; set aside Agency action, findings, and conclusions found to be an abuse of discretion, or otherwise not in accordance with law; contrary to Constitutional Right, privilege, or immunity; or without observance of procedure required by United States law."

STATEMENT OF THE 9TH CIRCUIT COURT OF APPEALS, Section 704.

The  language of the APA " provides no support " for a cramped reading of the wavier incorporating Section 704's final Agency action requirement, and … the legislative history

Page 1.

likewise offers no basis for that position. … Rather, both the statutory language and its history counsel a broad wavier of : "any" and "all" immunity for non- monetary claims. ( Navajo Nation v. Dept of the Interior, 876 F. 3d 1144 9th Cir. 2017 ).

### STATEMENT OF THE DISTRICT OF COLUMBIA CIRCUIT

While the sentence in Section 702 does refer to a claim against an "Agency" and hence waives immunity only when the defendant falls within that category, it does not use either the term "final agency action" or the term " agency action". Nor does the legislative history refer to either limitation. To the contrary, the House and the Senate Reports' repeated declarations that Congress intended to waive immunity for "any" actions for equitable relief against an agency make clear that no such limitations were intended …. non statutory and First Amendment actions … We also hold that the waiver applies regardless of whether the FTC's press release constitutes " final agency action ". ( H.R. Rep, No. 1656, at 3, and " all " id. at 9; S Rep. Rep. No. 84-996, at 8, 1976 U. S. Code, Cong. & Ad. News, at 6129.) ( Trudeau v. Fed. Trade Comm'n, 456 F. 3d 178, D, C. Cir. 2006 ).

### THE ADMINISTRATIVE PROCEDURE ACT, Section 704.

… agency action otherwise final is final for the purpose of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior authority.

The Defendants decision to make deductions, stop deductions and restart deductions after stopping them, as explained below, is a "final" decision for the purpose of this lawsuit

No. 1        STATEMENT OF FACTS AND CAUSES OF ACTION

The United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws first arose from a United States Supreme Court case, Cherokee Nation v. Georgia, 30 U.S. 1 ( 1831 ) and then from the United States Governments various law Statutes, including United States Code 25 and United States Code 28, Section 133 and from United States Presidential Executive Orders. Pursuant to these facts, the United States Governments American Indian Trusteeship laws and the United States Governments Guardianship laws is an undisputable, undoubted, undeniable and is an absolute fact.

Executive Order No. 13175 of Nov. 6, 2000 issued by United States President Bill Clinton reconfirmed the fact that all United States Federal entities are compelled to comply with the United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws over all of the American Indians within the borders of the United States.

Executive Order No. 13592 of Dec. 2, 2011 issued by United States President Barak

Obama reconfirmed the fact that all United States Federal entities are compelled to comply with the United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws over all of the American Indians within the borders of the United States.

The Plaintiff has provided a propound amount of facts, herein above, that prove, establish and constitute the evidence that is the ground upon which this Case is based, and goes to support his contention that the United States Government and all of the United States Governments entities under it are the undisputable, undoubted, undeniable and the absolute Trustee and Guardian for all of the American Indians within the borders of the United States. These undisputable, undoubted, undeniable and absolute facts make all of the American Indians within the borders of the United States wards of the United States Government. The Plaintiff is an American Indian and therefore is a ward of the United States Government.

Pursuant to the Plaintiffs presentment of the profound amount of facts herein above which goes to prove, establish and constitute the evidence in this Case, the United States Governments Bureau of Fiscal Service and the Comptroller General for the United States, being United States Government entities under the United States Government, are the undoubted, undisputed, undeniable and absolute Trustee and Guardian for the Plaintiff and are required, pursuant to the United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws, to protect the Plaintiff. This Case therefore, requires the enforcement, on behalf of the Plaintiff, the United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws that arise pursuant to the laws of the United States Government presented herein above.

The fact that the United States Governments Bureau of the Fiscal Service is the dispersing Agency and not the creditor Agency is of no consequence to this Case. The fact remains that it is the United States Governments Bureau of the Fiscal Service that is deducting of a portion of money from the Plaintiffs monthly Social Security payments and therefore it is that United States Government entity that is performing the actual action of the deductions. In so doing, the United States Governments Bureau of the Fiscal Service has failed and is failing to protect the Plaintiff, as required, pursuant to the United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws presented herein.

United States Code, Title 25 Section 175, mandates that a United States Attorney represent American Indians: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity".

The United States Government, being the undoubted, undisputed, undeniable absolute Trustee and Guardian over all the American Indians within its borders, must enforce its American Indian Trusteeship and Guardianship laws. The Plaintiff contends, being an American Indian and pursuant to these Trusteeship and Guardianship laws, that he is entitled to such right to be represented by a United States Attorney in this Case.

No. 2.    DEFENDANTS ARE ABRITRILY INTERFERING WITH PLAINTIFFS SOCIAL SECURITY

The Defendants, the Plaintiffs absolute Trustee and Guardian, pursuant to the United States Government American Indian Trusteeship laws and the United States Governments Guardianship laws stated herein above, use the State of Nevada Social Security office, located at Carson City, Nv., to deduct a portion of money from the Plaintiffs monthly Social Security payments towards an alleged debt allegedly owed to the United States Government by the Plaintiff. Said United States Government entity has never presented the Plaintiff with any official debt documents that prove he is indebted to them.

The continuing actions of the Defendant, the United States Governments Bureau of the Fiscal Service, being the undoubted, undisputed and undeniable absolute American Indian Trustee and Guardian for the Plaintiff, have caused and are continuing to cause the Plaintiff to suffer continuing harassment and extreme mental stress and extreme financial hardship that has reduced his standard of living to be well below the level of poverty and are continuing violations, by said Defendant, of the United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws to the Plaintiff.

No. 3.   DEFENDANTS HAVE HAPHAZARDLY STOPPTED AND STARTED THEIR DEDUCTIONS

The United States Governments Bureau of the Fiscal Service, the undoubted, undisputed and undeniable absolute American Indian Trustee and Guardian for the Plaintiff, started deductions on Apr. 1, 2008, despite previous requests for documentation from said entity by the Plaintiff to prove that the alleged debt was legal.

In June of 2018 the Plaintiff filed a FOIA request to the United States Governments Bureau of the Fiscal Service, the undoubted, undisputed, undeniable and absolute American Indian Trustee and Guardian for the Plaintiff, for any and all documents showing the amount of money it has taken towards the alleged debt by said Bureau from the Plaintiffs monthly Social Security payments. United States Governments, Bureau of the Fiscal Service, complied with the Plaintiffs FOIA request and supplied the documents for the alleged debt.

Up on examination, these documents revealed the fact that the alleged debt on Apr. 1, 2008 was $190,809.97. Ten years later on Apr. 1, 2018, the alleged debt was now $509,906.72 showing an increase of $319,096.75 over the ten years.

This fact, revealed by the FOIA request documents, showed that the alleged debt will never be paid off at the rate of money being ducted from the Plaintiffs monthly Social Security payments, by United States Governments Bureau of the Fiscal Service, the undoubted, undisputed and undeniable and absolute American Indian Trustee and Guardian for the Plaintiff. It is inconceivable to the Plaintiff that, when the United States Governments Bureau of the Fiscal Service, knew of this fact they did nothing about it and continued to harm the Plaintiff by continuing to deduct a portion of money from the Plaintiffs monthly Social Security payments towards the alleged debt. In knowing that the alleged debt would never be paid off, the United States Governments Bureau of the Fiscal Service violated and are continuing to violate the United States Governments American Indian Trusteeship laws and the United States Governments American Indian Guardianship laws of the Plaintiff.

Then, suddenly, on Apr. 1, 2019, United States Governments Bureau of the Fiscal Service, the undoubted, undisputed and undeniable and absolute Trustee and Guardian for the

Plaintiff, with out any explanation to the Plaintiff, stopped ducting a portion of money from the Plaintiffs monthly Social Security payments towards the alleged debt.

Then on Dec. 1, 2020, some 19 months later, again with out any explanation to the Plaintiff, United States Governments Bureau of the Fiscal Service, the undoubted, undisputed and undeniable and absolute American Indian Trustee and Guardian for the Plaintiff, again began ducting a portion of money from the Plaintiffs monthly Social Security payments towards the alleged debt.

The fact that the United States Governments Bureau of the Fiscal Service, can stop these deductions and then start deductions again, shows that said Defendant have power to stop these monetary deductions from the Plaintiffs monthly Social Security payments any time it wants.

## CONCLUSION

The Plaintiff points out to the Court that he has sued only his absolute Trustees and Guardians, the United States Bureau of the Fiscal Service and the United States Comptroller General. He has not named or sued any other United States Government entity in this Case.

It is the Plaintiffs contention, pursuant to the fact that the United States Governments Bureau of the Fiscal Service, the United States Government entity that is the absolute American Indian Trustee and Guardian for the Plaintiff, is the entity performing the action in deducting a portion of money from the Plaintiffs monthly Social Security payments, it is proper for the Plaintiff to sue it.

The Plaintiff requests this Court to stop the United States Governments Bureau of the Fiscal Service, the absolute American Indian Trustee and Guardian for the Plaintiff, from further deductions of a portion of money his monthly Social Security payments towards the alleged debt.

The Plaintiff requests this Court to appoint a United States Attorney to represent him, pursuant to 25 U. S. C. 175, in further proceedings in this Case.

Respectfully submitted,

Raymond D. Yowell, Plaintiff Pro Se.
H. C. 30 Box 272
Spring Creek, Nv. 89815
Ph. 775-744-4381