JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
STEPHEN R. HANSON II
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Yowell, | Case No. 3:21-cv-00288-ART-CLB |
| Plaintiff, | **United States' Motion to Dismiss Plaintiff's Amended Complaint** |
| v. | |
| The Bureau of the Fiscal Service and the United States Comptroller General, | |
| Defendants. | |

The United States of America, on behalf of the Bureau of the Fiscal Service and the United States Comptroller General, moves to dismiss Plaintiff's Amended Complaint (ECF No. 38) on the ground that Plaintiff has not stated a claim upon which relief can be granted under the Administrative Procedure Act.

Respectfully submitted this 24th day of July, 2023.

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

**Points and Authorities**

**I.      Background**

Plaintiff Raymond Yowell filed a Complaint alleging that the government should stop deducting money from his social security payments for a debt he owes because he does not have the ability to pay the debt.  (ECF No. 2.)  The United States filed a motion to dismiss Plaintiff's Complaint.  (ECF No. 15.)

The Court granted the United States' motion to dismiss.  (ECF No. 37.)  The Court dismissed Plaintiff's Complaint based on sovereign immunity because the United States has not consented to suits for monetary damages under the Administrative Procedure Act (APA).  (*Id.* at 3-4.)  The Court allowed Plaintiff to file an amended complaint and ordered him to properly serve Defendants under Fed. R. Civ. P. 4.  (*Id.* at 5.)

In allowing Plaintiff to file an amended complaint, the Court outlined the deficiencies in his Complaint and explained the requirements of a properly pled complaint. (*Id.* at 4.)  First, the Court noted that Plaintiff did not plead any final agency action.  (*Id.*) Second, the Court noted that a plaintiff under these circumstances must sue the creditor agency rather than the dispersing agency, but Plaintiff has sued the dispersing agency.  (*Id.*) Third, the Court noted that Plaintiff had not explained how he challenged the offset administratively.  (*Id.*)

Plaintiff filed his Amended Complaint seeking relief under the APA.  (ECF No. 38.) Plaintiff did not amend the parties to his Complaint.  (*Id.*)  Plaintiff alleges that the Bureau of the Fiscal Service is deducting money from Plaintiff's Social Security payment.  (*Id.* at 4.) Plaintiff acknowledges that he is still suing the dispersing agency rather than the creditor agency. (*Id.* at 3.) Plaintiff appears to argue that the government should cancel his debt because he will never be able to pay it off in full. (*Id.* at 4.) Plaintiff alleges that the Defendants' decision to make deductions, stop deductions, and restart deductions from his Social Security payment constitutes a final agency action, but he does not allege any facts demonstrating that he exhausted his administrative remedies to challenge the offset. (*Id.* at 2.)

Plaintiff also filed an affidavit of service signed by a nonparty. (ECF No. 40.) The affidavit of service states that the nonparty served the Amended Complaint on the United States Attorney's Office and the Attorney General via certified mail. (*Id.*) But the affidavit does not state that the nonparty served Defendants Bureau of the Fiscal Service or the Comptroller General. (*Id.*)

## II.    Law and Argument

### A.    Rule 12(b)(6) Standard

"Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted." *Toy v. Nevada*, No. 2:14-CV-1720-JCM-PAL, 2015 WL 757885, at *2 (D. Nev. Feb. 23, 2015). "Review under Rule 12(b)(6) is essentially a ruling on a question of law." *Id.* "A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). "Although Rule 8 does not require detailed factual allegations, it demands more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Id.* (quotation omitted). "The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions." *Id.*

### B.    Plaintiff fails to state a claim under the APA.

The APA provides for judicial review of a final agency action. *See* 5 U.S.C. § 704. The APA "requires that plaintiffs exhaust available administrative remedies before bringing their grievances to federal court." *Buckingham v. Sec'y of U.S. Dep't of Agric.*, No. 3:07-CV-00073-BES-RAM, 2009 WL 10691087, at *5 (D. Nev. Mar. 12, 2009) (citing 5 U.S.C. § 704). In order to set aside an agency decision under the APA, a court "must find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law or determine that the action failed to meet statutory, procedural, or constitutional requirements." *Anchustegui v. Dep't of Agric.*, 257 F.3d 1124, 1128 (9th Cir. 2001) (quotation omitted).

*///*

"The practice of withholding federal payment in satisfaction of a debt is known as an administrative offset." *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008) (quotation omitted). "The Debt Collection Improvement Act of 1982, 31 U.S.C. §§ 3701 et seq., authorizes the Treasury Department to collect non-tax debts by withholding funds paid out by other federal agencies." *Id.* (quotation omitted). Under this so-called Treasury Offset Program, "any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset." *Id.* If the creditor agency properly certifies the debt, "the Treasury Department must administratively offset the debt." *Id.* (citing 31 U.S.C. § 3716(c)(1)(A)).

When a debtor disputes a federal debt, the proper means to challenge the debt is through the creditor agency, not the dispersing agency. *See id.* at 862-63 (affirming dismissal of debtor's suit against Treasury for failure to state a claim). This is because Treasury has no discretion on whether to offset the debt when the creditor agency certifies the debt. *See id.* at 862. Treasury is legally obligated under statute to conduct the offset. *Id.*; 31 U.S.C. § 3716(c)(1)(A).

Plaintiff has not alleged in his Amended Complaint whether he challenged his debt administratively or if he exhausted his administrative remedies. Because he has not challenged his debt administratively or exhausted his administrative remedies, he cannot maintain an APA action.

In addition, despite the Court's previous order informing Plaintiff that he has sued the wrong agency to challenge his debt, Plaintiff continues to maintain this lawsuit against the Bureau of the Fiscal Service, a bureau of the Treasury Department. The Bureau of the Fiscal Service is the disbursing agency, not the creditor agency, and therefore has no discretion to stop the administrative offset as long as the creditor agency certifies the debt. For these reasons, the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

///

**C.    Plaintiff has failed to properly serve Defendants.**

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Williams v. Harmer*, No. 2:16-CV-00131-GMN-GWF, 2017 WL 1159725, at *2 (D. Nev. Mar. 28, 2017). "Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process." *Id.* "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

To serve a United States agency or officer, a plaintiff must serve the summons and complaint by registered or certified mail on the agency or officer. Fed. R. Civ. P. 4(i)(2). If a plaintiff serves the United States Attorney or Attorney General but fails to serve the agency or officer, a court must allow a plaintiff extra time to complete proper service. Fed. R. Civ. P. 4(i)(4).

Plaintiff failed to properly serve his original Complaint, and the Court ordered him to serve his Amended Complaint on Defendants in accordance with Rule 4. (ECF No. 37 at 5.)  The Court further stated that failure to comply with its order would result in dismissal of Plaintiff's case. (*Id.*) The affidavit of service on file does not state that Plaintiff mailed the summons and Amended Complaint to the Bureau of the Fiscal Service or the Comptroller General. (ECF No. 40.)

Because Plaintiff has failed to comply with the Court's order, the Court should dismiss this case. Alternatively, the Court could allow Plaintiff extra time to complete proper service. In any event, this issue will become moot if the Court dismisses Plaintiff's Amended Complaint for failure to state a claim.

///

///

///

**III.    Conclusion**

Because Plaintiff has not stated a claim upon which relief can be granted under the APA, the Court should dismiss his Amended Complaint.

Respectfully submitted this 24th day of July, 2023.

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

**<u>Certificate of Service</u>**

I hereby certify that on July 24, 2023, I electronically filed and served the foregoing **United States' Motion to Dismiss Plaintiff's Amended Complaint** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system as well as served a copy via first class, regular mail as follows:

<u>US Mail:</u>

Raymond D. Yowell
H.C. 30 Box 272
Spring Creek, NV 89815

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

7