Raymond D. Yowell
H. C. 30 Box 272
Spring creek, Nv. 89815

Filed ___ Received ___ Entered ___ Served On
Counsel/Parties of Record

AUG 1 4 2023

Clerk US District Court
District of Nevada
By:_____ Deputy

Clerk, U. S. District Court
District of Nevada

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Raymond D. Yowell,           )
Plaintiff, Pro Se.           )
v.                           )
The Bureau of the Fiscal Service )   Case No. 3:21-cv-00288-ART-CLB.
and                          )
the United States Comptroller )
General                      )
Defendants.                  )

    Comes now Raymond D. Yowell, the Plaintiff, Pro Se, by and through him self and files his answer to the U. S. Attorneys motion to dismiss this Case in the following manner.

Page 1 of the U. S. Attorneys motion to dismiss this Case.
    On this page of the U. S. Attorneys motion to dismiss this Case is stated that the Plaintiff did not state a claim upon which relief can be granted.
    When the Plaintiff filed his motion to amend his Complaint, pursuant to the Administrative Act, he did not make any claim of any kind upon which relief can be granted. Therefore, this statement made by the U. S. Attorney is incorrect.

Page 2, back ground.
Lines 3 thru 6.

    The Plaintiff has never stated that he does not have the ability to pay the alleged debt. This is the wording and spin that the U. S. Attorney has put on this Case. What the Plaintiff has states time and again is that the alleged debt will never be paid off at the rate of money being deducted from his monthly Social Security payments by the United States Bureau of the Fiscal Service.
    The Plaintiff has never agreed that he is indebted to the United States Government. The Plaintiff has never signed any debt agreement document with any United States Government entity. The Plaintiff has always stated that the debt is alleged.

Lines 14, 15, 16 and 17.

    In these lines the U. S. Attorney states that the Court noted that the Plaintiff did not plead any final agency action.

Page 1

The Plaintiff, in his amened Complaint on page 3, in the fourth paragraph, answered these lines. The U. S. Attorney did not, in return, counter the Plaintiffs statement but let the Plaintiffs statements stand.

Over the course of this Case in all of the Courts answers to the Plaintiffs contention that the United States Government is his Trustee and Guardian and in all of the U. S. Attorneys answers to the Plaintiffs contention that the United States Government is his Trustee and Guardian, nether the Court or the U. S. Attorney has confirmed that this is a fact. Both the Court and the U. S. Attorney has treated the Plaintiffs Case as one being brought by a citizen of the United States, one that is not a ward of the United States Government as the Plaintiff is.

The Plaintiff demands that the Court and the U. S. Attorney present evidence to the Plaintiff that that prove that the United States Government is not the Trustee and Guardian for the Plaintiff.

The Plaintiff stands on his statement, that it is the United States Governments Bureau of the Fiscal Service that is doing the action in deducting the money from the Plaintiffs monthly Social Security payments and in so doing is violating the United States Government American Indian Trusteeship Law and the United States Government Guardianship Law by failing to protect him pursuant to these laws.

The U. S. Attorney states that the Court noted that under these circumstances the Plaintiff must sue the creditor agency rather then the dispersing agency.

The Plaintiff explains what the circumstances are of this Case is. The Plaintiff has brought this Case pursuant to the United States Governments American Indian Trusteeship law and the United States Governments American Indian Guardianship law. The Plaintiff stands on the facts presented herein above that support his stand.

It is the Plaintiffs contention that pursuant to these facts he is not compelled to sue the creditor agency. Because it is the dispersing agency, the Bureau of the Fiscal Service, that is the Trustee and Guardian of the Plaintiff that is doing the action to deduct the money from the Plaintiffs monthly Social Security payments is the reason that the Plaintiff is suing it. The U. S. Attorney states that the Court noted that the Plaintiff did not challenge the off set administratively. Pursuant to the fact that this Case is brought pursuant to the United States Governments American Indian Trusteeship Law and the United States Governments Guardianship Law, the Plaintiff does not need to administratively challenge the off set.

The U. S. Attorney states that the Plaintiff did not amend the parties to his Complaint.

The Plaintiff does not need to amend the parties to his Complaint as the parties remain the same as when the Plaintiff first filed his Complaint.

The Plaintiff confirms that it is the United States Governments Bureau of the Fiscal Service that is doing the actual action in deducting money from his monthly Social Security payments and therefore is the proper that the Plaintiff sue it. It is also proper for the Plaintiff to sue the United States Governments Bureau of the Fiscal Service on the grounds that it is violating the United States Governments American Indian Trusteeship Law and the United States Governments American Indian Guardianship Law.

The U. S. Attorney has never answered why the United States Governments Bureau of the Fiscal Service suddenly stopped deducting money from the Plaintiffs monthly Social Security Payments without any notice or why the Bureau of the Fiscal Service stated to deduct the

Page 3.

money again.

The Plaintiff confirms the fact that the United States Governments Bureau of the Fiscal Service when it suddenly stopped deducting money from the Plaintiffs monthly Social Security payments, that it constituted final agency action and since he is bringing this action pursuant to the United States Governments American Indian Trusteeship Law and the United States Governments American Indian Guardianship Law he does not need to challenge the off set.
On page 4 of the U. S. Attorneys motion, the first paragraph.
The Plaintiff has already addressed this.
On page 4, the second paragraph,.
The Plaintiff has already addressed this.
On page 4, the third paragraph.
The Plaintiff has already addressed this.
On page 4, the fourth paragraph.
The Plaintiff has already addressed this.
On page 5, the first paragraph,

In filing the Plaintiffs amended Complaint, the Plaintiff had a non party send by certified mail the amended complaint to the administrative clerk for the U. S, Attorney. The Plaintiff did this in compliance with the federal rules for Pro Se litigants. So the U, S. Attorney is wrong when it states that the Plaintiff did not do proper service to it. Since the Plaintiff performed proper service, the Court does not have to dismiss the Plaintiffs Case on these grounds.

## CONCLUSION

Pursuant to the Plaintiffs answers and arguments presented herein to the U. S. Attorneys motion to dismiss this Case the Plaintiff requests the Court to deny in total any motions that the U. S. Attorneys makes to dismiss this Case.

Plaintiff demands that the U. S. Attorney provide actual and undisputable evidence to the Plaintiff and the Court why all United States Government Departments, Bureaus, Agencies and entities are not the Trustee and Guardian for the Plaintiff.

Respectfully submitted,

*Raymond D. Yowell*

Raymond D. Yowell, Plaintiff Pro Se
H. C. 30 Box 272
Spring Creek, Nv. 89815
Ph. 775-744 - 4381

Raymond D. Yowell  
H. C. 30 Box 272  
Spring Creek, Nv. 8981P  
Ph. 775-744-4381

Clerk, U. S. District Court  
District of Nevada

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Yowell, ) | |
| Plaintiff Pro Se, ) | |
| v. ) | |
| The Bureau of the Fiscal ) | Case No. 3:21-cv- 00288-ART-CLB. |
| Service ) | |
| and ) | |
| The United States Comptroller ) | |
| General, ) | |
| Defendants. ) | |

### AFFIDAVIT OF CERTIFICATIFCATE OF SERVICE.

I, _Jody A. Abe_, hereby certify under penalty of perjury that I am an adult over the age of eighteen years and that on _8/7/23_ I served Raymond D. Yowell's answer to the Clerk of the Court for the Court for the District of Nevada and with the Civil Process Clerk to the office of the United States Attorney for Nevada and with the attorney General of the United States in Washington, D. C. by United States Postal Service Certified Mail and Return Receipt.

Signed _[signature]_.

Address _2005 Indian View Hgts._

_Elko, Nevada 89801_

Date _August 7, 2023_.

Clerk, U, S, District Court  Aug. 7, 2023
District of Nevada
400 South Virginia St., Rm. 301
Reno, Nv. 89501

Dear Clerk,
    Enclosed are two copies of the Plaintiffs response to the Courts minute order of July 25, 2023 and two copies of the Plaintiffs answer to the U. S. Attorneys motion to dismiss Case No. 3:21-cv-00288-ART-CLB, stamp them filed and send back to me a copy of each of my filings in the enclosed postage prepaid envelope.
Thank you.
Signed,

*Raymond D. Yowell*

Raymond D. Yowell, Plaintiff, Pro Se.