JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
STEPHEN R. HANSON II
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Stephen.Hanson@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Raymond D. Yowell,<br><br>　　　　Plaintiff,<br>v.<br><br>The Bureau of the Fiscal Service and the United States Comptroller General,<br><br>　　　　Defendants. | Case No. 3:21-cv-00288-ART-CLB<br><br>**United States' Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint** |

　　　The United States of America, on behalf of the Bureau of the Fiscal Service and the United States Comptroller General, submits this reply in support of its motion to dismiss Plaintiff's Amended Complaint. Plaintiff has not stated a claim upon which relief can be granted under the Administrative Procedure Act, and his response to the motion to dismiss has not cured the deficiencies in his Amended Complaint. The Court should grant the motion to dismiss.

　　　Respectfully submitted this 17th day of August, 2023.

　　　　　　　　　　　　　　　　　　JASON M. FRIERSON
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　*/s/ Stephen R. Hanson II*
　　　　　　　　　　　　　　　　　　STEPHEN R. HANSON II
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

**Points and Authorities**

**I.      Background**

Plaintiff Raymond Yowell's Amended Complaint seeks relief under the Administrative Procedure Act (APA). (ECF No. 38.) Plaintiff alleges that the Bureau of the Fiscal Service is deducting money from Plaintiff's Social Security payment, and Plaintiff is trying to stop those deductions. (*Id.* at 4.) Plaintiff filed an affidavit of service stating that Plaintiff served the Amended Complaint on the United States Attorney's Office and the Attorney General via certified mail. (ECF No. 40.) But the affidavit does not state that Plaintiff served Defendants Bureau of the Fiscal Service or the Comptroller General. (*Id.*)

Defendants moved to dismiss Plaintiff's Amended Complaint on the grounds that he has not stated a claim upon which relief can be granted under the APA and did not properly serve Defendants under Fed. R. Civ. P. 4. (ECF No. 41.) The Court subsequently issued a minute order regarding the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 42.)

Plaintiff has now filed a response to the motion to dismiss (ECF No. 43) and a response to the Court's minute order (ECF No. 44).

**II.     Law and Argument**

**A.      Rule 12(b)(6) Standard**

Fed. R. Civ. P. 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. *Toy v. Nevada*, No. 2:14-CV-1720-JCM-PAL, 2015 WL 757885, at *2 (D. Nev. Feb. 23, 2015). The Court must accept a plaintiff's well-pled factual allegations to be true, but the Court need not accept a plaintiff's legal conclusions as true. *Id.*

**B.      Plaintiff fails to state a claim under the APA.**

The APA provides for judicial review of a final agency action. *See* 5 U.S.C. § 704. A plaintiff must exhaust his administrative remedies before filing an APA suit in court. *Buckingham v. Sec'y of U.S. Dep't of Agric.*, No. 3:07-CV-00073-BES-RAM, 2009 WL 10691087, at *5 (D. Nev. Mar. 12, 2009) (citing 5 U.S.C. § 704). The Comptroller General

is the head of the Government Accountability Office, and the APA does not waive sovereign immunity for suits against the Government Accountability Office. *Pond Constructors, Inc. v. United States Gov't Accountability Off.*, No. CV 17-0881 (DLF), 2018 WL 3528309, at *1 (D.D.C. May 30, 2018).

"The practice of withholding federal payment in satisfaction of a debt is known as an administrative offset." *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir. 2008) (quotation omitted). Federal law requires the Department of the Treasury to administratively offset a debt when a creditor agency certifies the debt. *Id.* For this reason, the proper means to challenge a federal debt is through the creditor agency, not the disbursing agency. *See id.* at 862-63

Plaintiff has not alleged in his Amended Complaint whether he challenged his debt administratively or if he exhausted his administrative remedies. He has also not alleged any facts in his response indicating that he exhausted his administrative remedies. Because he has not challenged his debt administratively or exhausted his administrative remedies, he cannot maintain an APA action.

In addition, Plaintiff acknowledges in his response that he continues to maintain this lawsuit against the disbursing agency, not the creditor agency. (ECF No. 43 at 3.) As the disbursing agency, the Bureau of the Fiscal Service has no discretion to stop the administrative offset as long as the creditor agency certifies the debt. In addition, the Comptroller General is a part of the Government Accountability Office, which is neither a disbursing agency nor creditor agency and is immune from suit. For these reasons, the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

### C.   Plaintiff has failed to properly serve Defendants.

To serve a United States agency or officer, a plaintiff must serve the summons and complaint by registered or certified mail on the agency or officer. Fed. R. Civ. P. 4(i)(2).

Plaintiff failed to properly serve his original Complaint, and the Court ordered him to serve his Amended Complaint on Defendants in accordance with Rule 4. (ECF No. 37 at

5.) The Court further stated that failure to comply with its order would result in dismissal of Plaintiff's case. (*Id.*) The affidavit of service on file does not state that Plaintiff mailed the summons and Amended Complaint to the Bureau of the Fiscal Service or the Comptroller General. (ECF No. 40.) In his response, Plaintiff does not dispute that he failed to serve the Bureau of the Fiscal Service and Comptroller General via certified or registered mail. (ECF No. 43 at 3.)

Because Plaintiff has failed to comply with the Court's order, the Court should dismiss this case. Alternatively, the Court could allow Plaintiff extra time to complete proper service. In any event, this issue will become moot if the Court dismisses Plaintiff's Amended Complaint for failure to state a claim.

### III. Conclusion

Because Plaintiff has not stated a claim upon which relief can be granted under the APA, the Court should dismiss his Amended Complaint.

Respectfully submitted this 17th day of August, 2023.

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney

## Certificate of Service

I hereby certify that on August 17, 2023, I electronically filed and served the foregoing **United States' Reply in Support of Motion to Dismiss Plaintiff's Amended Complaint** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system as well as served a copy via first class, regular mail as follows:

<u>US Mail:</u>

Raymond D. Yowell
H.C. 30 Box 272
Spring Creek, NV 89815

JASON M. FRIERSON
United States Attorney

*/s/ Stephen R. Hanson II*
STEPHEN R. HANSON II
Assistant United States Attorney