UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND D. YOWELL,<br><br>                            Plaintiff,<br>    v.<br>THE BUREAU OF FISCAL SERVICE, *et al.*,<br><br>                           Defendants. | Case No. 3:21-cv-00288-ART-CLB<br><br>ORDER GRANTING MOTION TO DISMISS (ECF NO. 41) |

    *Pro se* Plaintiff Raymond D. Yowell brings this action against the Bureau of Fiscal Service and the United States Comptroller General, challenging the garnishment of his Social Security benefits to pay an outstanding debt. Before the Court is Defendants' Motion to Dismiss, (ECF No. 41), which argues that Mr. Yowell has failed to state a claim under the Administrative Procedures Act and that he has otherwise failed to properly serve defendants. The Court finds that Mr. Yowell has failed to sue the proper party and has not alleged exhaustion of his administrative remedies. It therefore grants Defendants' Motion to Dismiss.

    Mr. Yowell brings this action to contest the garnishment of his Social Security payments by the Federal government. (ECF No. 2 at 4). The Bureau of the Fiscal Service began garnishing Mr. Yowell's Social Security in 2008, when Mr. Yowell allegedly owed $190,809.97. (*Id.* at 6.) In 2018, the alleged debt had grown to $509,906.72. (*Id.*)

    Mr. Yowell filed his Complaint in this Court in June of 2021. (*Id.* at 1.) The Court dismissed that Complaint because Mr. Yowell sought monetary damages, which is not permitted for suits brought under the APA. (ECF No. 37 at 3.) The Court granted Mr. Yowell leave to amend but cautioned that Mr. Yowell's

1 amended complaint must allege that he exhausted the administrative remedies
2 available to him, and it must name proper defendants. As the Court explained,
3 Mr. Yowell had erroneously sued a "disbursing agency," the Bureau of Fiscal
4 Service, when "it is the creditor agency, not the disbursing agency, that is
5 required to ensure that the debtor receives due process under the law." (*Id.* at 4
6 (citing *Johnson v. U.S. Dep't of Treasury*, 300 F. App'x 860, 862 (11th Cir.
7 2008).).)

8 Mr. Yowell then filed an Amended Complaint. (ECF No. 38.) His Amended
9 Complaint seeks injunctive relief, but it does not address administrative
10 exhaustion or name different defendants. Defendants now seek to dismiss Mr.
11 Yowell's Amended Complaint.

12 A court may dismiss a plaintiff's complaint for "failure to state a claim
13 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled
14 complaint must provide "a short and plain statement of the claim showing that
15 the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*
16 *Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed
17 factual allegations, it demands more than "labels and conclusions" or a
18 "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556
19 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must
20 be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus,
21 to survive a motion to dismiss, a complaint must contain sufficient factual
22 matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at
23 678 (quoting *Twombly*, 550 U.S. at 570). Under this standard a district court
24 must accept as true all well-pleaded factual allegations in the complaint and
25 determine whether those factual allegations state a plausible claim for relief. *Id.*
26 at 678-79.

27 Defendants argue that dismissal is appropriate because Mr. Yowell has
28 sued the wrong agency, he has not exhausted his administrative remedies under

|   |   |
|---|---|
| 1 | the APA, and he has failed to properly serve Defendants. Mr. Yowell argues that, |
| 2 | because he is an American Indian in a "trustee and guardianship" relationship |
| 3 | with Defendants, U.S. "American Indian Trusteeship . . . [and] Guardianship law" |
| 4 | apply, and the above arguments are irrelevant. (ECF No. 43 at 2.) The Court |
| 5 | agrees that Mr. Yowell has failed to allege exhaustion of his administrative |
| 6 | remedies and that he is suing the wrong parties. It does not reach Defendants' |
| 7 | service argument. |
| 8 | "The APA requires that plaintiffs exhaust administrative remedies before |
| 9 | bringing suit in federal court." *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, |
| 10 | 965 (9th Cir. 2006). Proper exhaustion of administrative remedies means using |
| 11 | all steps that the agency holds out, and doing so properly (so that the agency |
| 12 | addresses the issues on the merits)." *Sisley v. U.S. Drug Enforcement* |
| 13 | *Administration*, 11 F.4th 1029, 1035 (9th Cir. 2021) (internal quotation marks |
| 14 | and citation omitted). Here, Mr. Yowell has not alleged that he challenged the |
| 15 | garnishment of his benefits with the proper administrative body. Until he has |
| 16 | exhausted the administrative remedies available to him, he cannot bring a suit |
| 17 | under the APA in federal court. *See Tavares v. United States, No. 3:CV-13-1654*, |
| 18 | 2014 WL 4351532, at *8 (M.D. Pa. Sept. 2, 2014) ("if the . . . plaintiff believes |
| 19 | that the offset was made in error[,] his remedy is to pursue the administrative |
| 20 | and legal process set by statute for challenging the offset[.]"). |
| 21 | Mr. Yowell contends that the above is irrelevant, because the United States |
| 22 | owes a duty of trusteeship to Native American tribes, and that duty should |
| 23 | protect his complaint, regardless of its other faults. There is no doubt the U.S. |
| 24 | government owes a fiduciary duty to Native American tribes as recognized by the |
| 25 | courts. *Seminole Nation v. United States*, 316 U.S. 286, 297 (1942). Mr. Yowell |
| 26 | has pointed to no cause of action under the United States' fiduciary duty that |
| 27 | could be maintained against the present Defendants, nor is the Court aware of |
| 28 | any such cause of action. Absent a separate cause of action, Mr. Yowell's claims |

3

1   are bound by the Administrative Procedure Act, and the APA requires that a
2   plaintiff exhaust his administrative remedies before bringing a claim in federal
3   court.

4   Even if Mr. Yowell amends his complaint to allege administrative
5   exhaustion, he is still suing the wrong parties. The Debt Collection Improvement
6   Act of 1982 authorizes the Department of Treasury to collect non-tax debts by
7   withholding funds paid out by other agencies, in a process known as
8   "administrative offset." *See* 31 U.S.C. § 3716(a); 31 C.F.R. § 285.5; *Johnson*, 300
9   Fed. App'x at 862. A federal agency with a claim against a debtor may seek
10  administrative offset, after first notifying the debtor that the debt is subject to
11  administrative offset and providing an opportunity to dispute the debt or arrange
12  to pay it. *See* 31 U.S.C. § 3716(a), (c)(6); *Johnson*, 300 Fed. App'x at 862. To seek
13  administrative offset, the creditor agency must certify to the Treasury that the
14  debt is eligible for collection by offset and that all due process protections have
15  been met. *See* 31 C.F.R. § 285.5(d)(3)(ii), (d)(6); *Johnson*, 300 Fed. App'x at 862. If
16  a debt is properly certified, the Treasury Department has no choice but to offset
17  the debt. *See* 31 U.S.C. § 3716(c)(1)(A); *Johnson*, 300 Fed. App'x at 862.

18  The Defendants in this case have no statutory authority over the
19  garnishment at the center of Mr. Yowell's complaint. They were legally obligated
20  to offset Mr. Yowell's benefits payments as soon his debt was certified to them.
21  *See* 31 U.S.C. § 3716(c)(1)(A); 31 C.F.R. § 285.5(d)(6). If Mr. Yowell wishes to
22  challenge the garnishment of his Social Security benefits, he should look to the
23  agency to whom he owes his alleged debt. As the Court previously made clear,
24  "it is the creditor agency, not the disbursing agency, that is required to ensure
25  that the debtor receives due process under the law." (ECF No. 37 at 4 (citing
26  *Johnson*, 300 Fed. App'x at 862)); *see* 31 U.S.C. § 3716(a).

27
28

4

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 41) is granted and Mr. Yowell's First Amended Complaint (ECF No. 38) is dismissed. The Court Clerk is ordered to close the case, in keeping with this order.

Dated this 4th Day of January 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE